SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| Enrique Brathwaite<br>4509 13th St., NW<br>Wash., D.C. 20001 | * * * * | C.A. No.<br><br>Jury Trial Demanded |
| Plaintiff, | * * | |
| v. | * * | |
| Vance Federal Security Services, Inc.<br>10467 White Granite Drive<br>Oakton, VA 22124 | * * * * | |
| Defendant. | * | |



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff, complains of the Defendant as follows:

### VENUE AND JURISDICTION

1. This Court has jurisdiction over the claims asserted herein pursuant to Title VII of the Civil Rights Act of 1964.

2. Venue is proper in the District of Columbia because Defendant formerly employed Plaintiff in the District of Columbia and the alleged unlawful acts were committed here.

3. Defendant employs more than 15 people.

4. This action was filed within 90 days after Plaintiff received notice of his right to sue from EEOC.

### THE PARTIES

5. Plaintiff is Black and African American and resides at 4509 13th St., NW, Wash., DC 20001.

6. On information and belief, defendant Vance Federal Security Services, Inc. is a corporation that has its principal place of business located at 10467 White Granite Drive, Oakton, VA, and formerly employed Plaintiff as a security guard assigned to work at Walter Reed Army

Medical Center in Washington, DC.

## FACTS RELEVANT TO ALL COUNTS

7. Plaintiff is an Army reservist who was on active duty for eight years and has been in the Army Reserves for the past twelve years.

8. Plaintiff was formerly employed by Defendant as a security guard.

9. On or about March 13, 2004, Plaintiff was assaulted and battered by a White male co-worker and filed a complaint against that person.

10. On or about March 19, 2004, Defendant suspended Plaintiff from work, and then terminated Plaintiff's employment on or about March 23, 2004.

11. On information and belief, Defendant neither suspended nor terminated the employment of the White male co-worker who assaulted and battered Plaintiff.

12. Plaintiff was treated in a disparate manner because of his race and color.

13. The reason given by Defendant for terminating Plaintiff's employment is false and pretext to mask unlawful discrimination.

14. Plaintiff has suffered, and continues to suffer, pain and injury, mental anguish, lost pay, lost benefits, and emotional distress as a result of the unlawful conduct of the Defendant.

15. Defendant has acted in bad faith, in reckless disregard of Plaintiffs' civil rights, and with malice.

## COUNT 1

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1-15 as if more fully set forth herein.

17. By and through its conduct, the Defendant violated Title VII of the Civil Rights Act by discriminating against Plaintiff on the basis of his race and color.

18. Plaintiff demands a trial by jury.

## COUNT 2

19. Plaintiff repeats and realleges the allegations contained in paragraphs 1-18 as if more fully set forth herein.

20. By and through its conduct, the Defendant violated 42 USC Section 1981 by intentionally discriminating against Plaintiff on the basis of his race and color.

21. Plaintiff demands a trial by jury.

## COUNT 3

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1-15 as if more fully set forth herein.

23. It is against the public policy of DC for an employer to terminate employment of an individual because that individual has filed assault and battery charges against a co-worker who engaged in unlawful behavior.

24. By and through its conduct, the Defendant violated the public policy of Washington, D.C. by terminating Plaintiff's employment because he reported a complaint of assault and battery against a co-worker who engaged in unlawful behavior..

25. Plaintiff demands a trial by jury.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all counts contained in the Complaint.

Wherefore, Plaintiff demands a jury trial and judgment on Counts 1-3 and damages in an amount to be determined by a jury, but not less than $50,000, for compensatory damages for pain and suffering, emotional distress, mental anguish, lost pay/benefits, front pay, punitive damages, interest, costs and reasonable attorney's fees.

Date: May 17, 2006

*Enrique Brathwaite*
Enrique Brathwaite

4509 13th St., NW  
Wash., D.C. 20011  
(202) 829-8935  
Pro se Plaintiff