UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ENRIQUE BRATHWAITE,<br>4509 13th St., NW<br>Washington, D.C. 20001<br><br>        Plaintiff,<br><br>v.<br><br>VANCE FEDERAL SECURITY<br>SERVICES, INC.<br>10467 White Granite Drive<br>Oakton, VA 22124<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:06-cv-01367-GK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER TO COMPLAINT

Vance Federal Security Services, Inc. ("Defendant"), by its counsel, hereby responds to Plaintiff's complaint.

### VENUE AND JURISDICTION

1. Paragraph 1 states a legal conclusion to which no response is required.

2. Paragraph 2 states a legal conclusion to which no response is required.

3. Defendant admits the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

### THE PARTIES

5. Defendant admits that Plaintiff is Black and African American, but is without sufficient information to admit or deny the allegation that he resides at 4509 13th St., NW, Wash., DC 20001. To the extent a response is required, Defendant admits the

allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

## FACTS RELEVANT TO ALL COUNTS

7. Defendant is without sufficient information to admit or deny the allegation that Plaintiff is an Army reservist who was on active duty for eight years and has been in the Army reserves for the past twelve years.

8. Defendant admits the allegations in paragraph 8.

9. Defendant objects to the extent that the allegations in paragraph 9 call for a legal conclusion. Defendant admits there was a physical altercation between plaintiff and another officer on March 13, 2004 and plaintiff filed a complaint.

10. Defendant admits the allegations in paragraph 10.

11. Defendant admits the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

## COUNT 1

16. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Defendant denies the allegations in paragraph 17.

18. Paragraph 18 demands a trial by jury to which no response is required.

## COUNT 2

19. Defendant incorporates by reference its responses to the allegations

contained in paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. Defendant denies the allegations in paragraph 20.

21. Paragraph 21 demands a trial by jury to which no response is required.

## COUNT 3

22. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 15 of the Complaint as if fully set forth herein.

23. Paragraph 23 states a legal conclusion to which no response is required.

24. Defendant denies the allegations in paragraph 24.

25. Paragraph 25 demands a trial by jury to which no response is required.

## RELIEF REQUESTED

WHEREFORE, Defendant denies any liability for the conduct alleged and denies Plaintiff is entitled to any relief demanded in his Complaint.

## AFFIRMATIVE DEFENSES

As affirmative defenses to the Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the failure to timely exhaust administrative remedies.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, estoppel, release, laches, set-off, or waiver.

## THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state, or local

laws, rule, regulations or guidelines.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, to the extent that discovery may show that Plaintiff engaged in misconduct prior to or during his employment.

## FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant with respect to Plaintiff's employment or the terms and conditions thereof were based upon legitimate nondiscriminatory business reasons and were taken without regard to Plaintiff's race.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or reduced by his failure to mitigate his alleged damages.


WHEREFORE, Defendant respectfully requests Plaintiff's claims be dismissed.

Respectfully submitted,

**JACKSON LEWIS LLP**

By: /s/
Tyler A. Brown
D.C. Bar No. 480693
8614 Westwood Center Drive
Suite 950
Vienna, VA  22182
(703) 821-2189
Fax: (703) 821-2267

Date: August 3, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Defendant's Answer to Complaint* and *Certificate Rule LCvR 7.1* was sent by United States Mail, postage prepaid, on this 3rd day of August, 2006, to:

> Alan Lescht, Esq.
> Alan Lescht & Associates, PC
> 1050 17th Street, NW, Suite 220
> Washington, DC 20036


/s/
Tyler A. Brown