UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENRIQUE BRATHWAITE,<br>4509 13th St., NW<br>Washington, D.C. 20001<br><br>          Plaintiff,<br><br>v.<br><br>VANCE FEDERAL SECURITY<br>SERVICES, INC.<br>10467 White Granite Drive<br>Oakton, VA 22124<br><br>          Defendant. | Case No. 1:06-cv-01367-GK |

**JOINT MEET AND CONFER STATEMENT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, LcvR 16.3(c) and the Court's Order of August 3, 2006, the parties report as follows.

The parties conferred on August 14, 2006 and reached agreement on all of the matters listed below.

(1)  Based on the facts presently known, Defendant expects it will file a dispositive motion following the conclusion of discovery.  Plaintiff has no plans to file a dispositive motion.

(2)  The parties recommend that any motion to join additional parties or to amend the pleadings not be filed later than forty-five (45) days prior to the close of discovery.  The parties agree to revisit potential ways to limit the factual and/or legal issues in this case after discovery is completed.

(3)  The parties recommend that this matter not be assigned to a magistrate judge.

(4)  The parties agree that there is no realistic possibility of settling the case at this time. The parties agree that submitting the matter to a settlement conference before a magistrate judge may be helpful after depositions are taken and documents are exchanged.

(5)  Counsel have conferred with their respective clients regarding the use of ADR to resolve this matter. The parties agree that the case will benefit from mediation or a settlement conference after plaintiff's deposition and those of certain representatives of defendant.  At this time, the parties expect that those depositions will be taken prior to January 1, 2007.  The parties agree that delaying mediation until after some discovery has been taken will provide both sides with a better opportunity to evaluate the strength of their respective positions and result in a more productive mediation.

(6)  Defendant believes the case may be resolved by a motion for summary judgment; Plaintiff disagrees.  The parties recommend that any potentially dispositive (or partially dispositive) motion be filed within 60 days following the close of discovery (see paragraph 8, below).  The parties recommend any opposition to a dispositive motion be filed within 30 days following service of the dispositive motion.  The parties recommend that any reply to an opposition be filed within 10 days following service of the opposition.

 (7)  The parties agree to dispense with initial disclosures under Federal Rule of Civil procedure 26(a).

(8)  The parties recommend a discovery deadline of February 23, 2007.  The parties recommend that the discovery deadline be extended if a stay of discovery is entered due to mediation for a period commensurate with the duration of such stay.

The parties recommend that no limitations on discovery should be imposed other than those of the Federal Rules of Civil Procedure and this Court's Local Rules.

(9) Neither party has identified an expert witness at this time. The parties agree any expert witnesses that may be required, will be identified in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

(10) Not applicable.

(11) The parties recommend that trial and/or discovery should not be bifurcated.

(12) The parties recommend the pre-trial conference be held no earlier than 60 days following the resolution of any dispositive motion or, if no such motion is filed, no earlier than 60 days after the close of discovery.

(13) The parties recommend the Court set the trial date at the pretrial conference.

**Plaintiff's Statement of the Case**: Plaintiff, who is African-American, was assaulted and battered by a White male co-worker. Plaintiff filed a complaint against the co-worker. Shortly after this incident, Defendant suspended Plaintiff from work and then terminated Plaintiff's employment. Defendant neither suspended nor terminated the employment of the co-worker. Plaintiff alleges that he was subjected to unlawful discrimination on the basis of his race and color.

**Defendant's Statement of the Case**: Plaintiff was discharged after starting a fight with a co-worker. Several eyewitnesses corroborated Plaintiff's involvement. Defendant denies Plaintiff's race played any role whatsoever in Defendant's decision to terminate Plaintiff's employment.

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| Alan Lescht | Tyler A. Brown |
| 1050 17th Street, NW, Suite 220 | DC Bar No. 480693 |
| Washington, D.C. 20036 | Jackson Lewis LLP |
| (202) 463-6036 | 8614 Westwood Center Drive |
| | Suite 950 |
| | Vienna, VA 22182 |
| | (703) 821-2189 |
| | |
| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |

August 14, 2006