EXHIBIT B - 1



# STANDARDS OF CONDUCT

### OVERVIEW

Chenega/Vance Federal Security Services' Standards of Conduct are vital guidelines that are important to our security program. They are **CRITICAL** to our mission.

As a preliminary matter, Chenega/Vance Federal Security Services is an "at will" employer. This means that Chenega/Vance Federal Security Services has the right to terminate employees at any time, and for any legally permissible reason or no reason. Similarly, employees have a similar right to resign whenever they want, for any or no reason. Nothing in these Standards of Conduct, or any other policy or procedure, changes or alters the "at will" status of Chenega/Vance Federal Security Services employees.

These Standards of Conduct apply to all Chenega/Vance Federal Security Services employees.

The following are examples of conduct that are inappropriate. This list is not exclusive, and is only intended to identify some examples of the types of conduct that will not be tolerated by Chenega/Vance Federal Security Services. Engaging in such conduct can result in any form of discipline, up to and including immediate termination, as decided in the discretion of Chenega/Vance Federal Security Services.

### STANDARDS OF CONDUCT VIOLATIONS

1. Assault. Making or uttering verbal or physical threats.
2. Arson.
3. Theft or pilferage by an officer.
4. Sabotage.
5. Willful or careless destruction of property.
6. Dishonesty: Accepting bribes, enabling a person to secure stolen property, repeating rumors, permitting unauthorized access to classified material, or lying.
7. Falsification: Making or authorizing fraudulent entries on official documents, falsifying reports.
8. Insubordination toward the client, supervisors or management personnel.
9. Disregard of lawful orders: To include written post orders, special orders or instructions, or verbal instructions from supervisors or management personnel.
10. Violation of rules, regulations or established policy of Chenega/Vance Federal Security Services or its clients.
11. Sexual harassment or discrimination towards Chenega/Vance Federal Security Services and client employees and visitors.
12. Intoxication: Drinking or being under the influence of alcohol, illegal drugs, or controlled substances while on duty.

Brathwaite
EXHIBIT NO. 3
Nov. 27, 2006



13. Negligence: Sleeping on duty, abandoning post, leaving post without proper authority, failing to perform duties as prescribed.

14. Absenteeism: Failure to report for work. Failure of a relieving officer to notify the designated Supervisor or Chief of Guards of his/her inability to report for duty (No Call/No Show). Unsatisfactory attendance.

15. Tardiness. Repeated failure to report to work on time.

16. Accepting any fees.

17. Any act of cruelty or oppression toward any employee or another member of the security force.

18. Communicating orders or information to any person not authorized to receive them.

19. Conduct unbecoming of an officer or prejudicial to discipline.

20. Violating or willfully or carelessly permitting violations of Chenega/Vance Federal Security Services or client rules, regulations or contract requirements.

21. Entertaining unauthorized persons on post.

22. Failure to deal politely and courteously with the client or visitors to client facilities.

23. Consumption of alcohol within 8 hours or reporting for normally scheduled duty.

24. Unauthorized activities on duty: Reading unauthorized materials on post. Having any radio, tape player or television on post. Working on personal projects such as hobbies.

25. Using the telephone for any reasons other than security purposes.

26. Fraternization with Chenega/Vance Federal Security Services or with a client's or a vendor's employees while on duty.

27. Any off duty conduct that impairs the ability to obtain or maintain a security clearance or license, if required.

28. Wearing or using, or permitting the wearing or use, of Chenega/Vance Federal Security Services' uniforms or identification for any reason other than for official Chenega/Vance Federal Security Services business.

29. Any other reason deemed by Chenega/Vance Federal Security Services to be contrary to the interests of the Company or its clients.

_ENRIQUE Brathwaite_
Employee's printed name

_Enrique Britt_                                      2/26/04
Employee Signature                                    Date

Signature signifies Receipt and Acknowledgement of the Chenega/Vance Federal Security Services Standards of Conduct.



# SECURITY GUARD COUNSELING FORM

On _Dec 6, 2003_ (date), Security Guard _Brathwaite, Enrique_,

Employee Number _313842_ had a conference with _Lt Brown_.

Security Guard _Brathwaite, E_ was counseled regarding:
His attitude towards the client. He treated (PFC) SGM Grove, Smith w/ little respect. When Sgm Grover was speaking to Brathwaite, Off Brathwaite failed to give him his real name. And would not speak to him in a proffessional manner to resolve the issue. Off Brathwaite, E must speak to his co-workers, as well as the client in a proffesional manner.

Recommendation(s) of Counseling Official:
My recommendation for Off Brathwaite, E is three days suspension, and his post be changed.

Brathwaite
EXHIBIT NO. 5
Nov. 27, 2006

9 December, 2003

To: SPV. Bell

On Saturday 12/06/03 Mr. Smith came through the Sitter gate and in good gesture I turned to him and said it's seems like every person who come through this gate is fumbling for their ID card today. And that most people will have their ID card ready upon arriving on military installation, could you please move up to allow others to come on base. I meant no disrespect or insult to Mr. Smith.

When Mr. Smith came back moments later, he asks o/f Eugene for me. As I was talking to Mr. Smith I notice o/f Eugene and o/f Campos on a cellular phone calling on supervisor Brown. When in fact the situation could have been handle without a supervisor. If an apology were necessary I would have apologize on the spot.

I did not intended or meant to disrespect Mr. Smith and I was willing to tell him so but my co-workers was already on the phone with supervisor Brown compounding the situation more than what it appeared to be so. I just let them handle the situation.

We as Officers went through training and should be able to handle and resolved simple situations; rather than agitate a giving situation and adding fuel to the fire. I represent Vance Security, the U.S. Army and Civilians in the highest level of integrity and professionalism and I would not disrespect anyone while I am on duty that's not how the army trained me. Mr. Smith is an ex-military man and he and I could have resolved the situation without all of this confusion and that would have been the end of that.

A three-day's suspension is unwonted, I have been trained to treat all people with respect and I address all our clients with respect and professionalism.

*Enrique Brathwaite*
Officer Enrique Brathwaite

Case 1:06-cv-01367-GK   Document 9-6   Filed 02/05/2007   Page 7 of 13

# OFFICER COUNSELING FORM



**VANCE**
Uniformed Protection Services, Inc.
10467 White Granite Drive
Oakton, VA 22124-2700
(703) 691-2330
Fax: (703) 385-3327

On __12-18-03__ (date), Security Officer __ENRIQUE BRATHWAITE__, employee number __313842__, had a conference with __SGT COBB__.

Officer __Brathwaite__ was counseled regarding:
POST ABANDONMENT AND UNAUTHORIZED REMOVAL OF A FIREARM FROM A POST. ON DECEMBER 12th, 2003, OFFICER BRATHWAITE WAS OBSERVED BY HIS TEAM STOPPING A VEHICLE AT THE ENTRANCE TO SITTER/LINDEN GATE, TALKING TO THE DRIVER (FEMALE) AND THEN GETTING IN THE VEHICLE AND LEAVE HIS ASSIGNED POST. OFFICER BRATHWAITE WAS GONE APPROXIMATELY 20 MINUTES. THESE GROSS VIOLATIONS OF COMPANY POLICY REPRESENTS DISORM AND LACK OF PROFFESSIONALISM AS A SECURITY OFFICER AND WILL NOT BE TOLERATED.

**Recommendation(s) of Counseling Official:**
OFFICER BRATHWAITE WILL BE SUSPENDED FOR THREE DAYS AT THE DISCRETION OF THE OPERATIONS MANAGER OR PROJECT MANAGER. ANY FURTHER VIOLATIONS OF COMPANY POLICIES WILL LEAD TO MORE SEVERE PUNISHMENT TO INCLUDE POSSIBLE TERMINATION.

**Statement of Officer:**
Brathwaite I was in the PX for 20 minutes I notified O/F Collins I scream out that I will take my lunch. I also was unaware that I could not entered a private P.O.V with my weapon. The O/F new that I was on my lunch break there is no reason for this a 3 day suspen base on what took place on that day in question.
Enrique Brathwait

I have read and understand the above statement and agree to abide by the recommendation(s) of the counseling officer.

__Refused to sign.__
**Security Officer**

__Sgt D. Cobb__
**Counseling Officer**

Brathwaite
EXHIBIT NO. 6
Nov. 27, 2006

Cienega Technical Products

VANCE

# SECURITY OFFICER/EMPLOYEE COUNSELING FORM

On Feb 19th 2004 (date), Security Officer/Employee Brathwaite Enrique, Employee Number _____, had a counseling session with SGT. DAvid Cobb.

Security Officer/Employee Brathwaite Enrique was counseled regarding: Imperoperly unloading his weapon inside the security Both.

Recommendation(s) of Counseling Official:

Indicate:

☐ Verbal Warning

☑ Written Warning

☐ Disciplinary Suspension

☐ Final Written Warning

☐ Termination

Comments: Imperoperly unloading your weapon inside the security both is a safety violation. All weapon are to be unload inside the safety barrel. For your safety as well as the safety of others is to be adhered to at all times.

Brathwaite
EXHIBIT NO. 7
Nov. 27, 2006

Statement of Security Officer/Employee:                                 18:38

I have no Idear who will FABRICATE such Information about me I will never do such thing All I DID was Remove my MAGAZINE from my Pouch I'am not Ignorant In Any Way or FATion. bear In maind that I am well traine for Removing magaziny from my weapon IS unProtetion. that Individual Need to FAce me with frony facts base on what He or She actualy see. IT'S A TOTAL LIE.

I have read and understand the above statement and agree to abide by the recommendation(s) of the Counseling Official.

_Enrique Brott_                                         _Alan? Cobb_
Security Officer/Employee                                Counseling Official

Chenega/Vance Federal Security Services          Security Officer/Employee Counseling Form

2

**Chenega Technical Products**
**VANCE**

| | |
|---|---|
| Site Name: | ler /LINBAY Site #: |
| Incident #/Location: | |
| Incident Date/Time: | 12/19/04 |
| Incident Type: | UNSAFE CONDUCT |
| Region: | |

| | | | |
|---|---|---|---|
| Complainant/Victim: | JOSeph A BArNeH | Sex: | M |
| Address: | 506 62nd Pl #B | DOB: | 9-1-64 |
| City: | Seat pleasant  State: MD  Zip: 20743 | SSN: | 0593 |
| Phone: | 301-925-2215  Employer: VANCE FederAl | Work Phone: | |

| | | | |
|---|---|---|---|
| Injury/Condition: | | Date / Time Occurred: | 2/19/04 2¹⁴⁵ hour |
| Location: | | Date / Time Reported: | 2/20/04 |
| EMS Respond: | Told Sgt weidman  EMS Unit: | Hospital: | 10¹⁵ am |

| | | | |
|---|---|---|---|
| Suspect: | | Race: | Age: |
| Address: | | Sex: | DOB: |
| City: | State:  Zip: | Height: | Hair: |
| Home Phone: | Work Phone: | Weight: | |
| Vehicle Info.: | | | |

| | | | |
|---|---|---|---|
| Witness: | | Home Phone: | |
| Address: | | Work Phone: | |
| City: | State:  Zip: | | |

| | | |
|---|---|---|
| Property Description: | | Serial No.: |
| Property Disposition: | | Value: |

**Incident Description:** I officer BARNETT WITNESS OFFICER BRATHWAITE UNLoad his weapon IN Security Shack ON 2/19/04 At 2145 hours. The next day I Told sgt weidman At 10¹⁵ AM ON 2/20/04

| | | | |
|---|---|---|---|
| Police Officer: | Badge No.: | Action Taken by Police: | |
| Report / Case No.: | | | |

| | | | | |
|---|---|---|---|---|
| Reporting Officer: | | Supervisor: | Dispatcher: | |
| Signatures: | Security Officer: | | Date: | |
| | Supervisor: | | Date: | |
| | Approved By: | | Date: | |
| Follow-Up: | | | | |

**Chenega Technical Products**

**VANCE**

| | | | | |
|---|---|---|---|---|
| Complainant/Victim: | MELVIN BLOSSINGAME | | Sex: | M |
| Address: | 1339 FT. STEVENS DR. NW | | DOB: | 14/5/51 |
| City: | WASH | State: D.C. Zip: 20011 | SSN: | 57F68-2013 |
| Phone: | (202) 726-3611 | Employer: VANCE FED. SEC. | Work Phone: | (202) 730-7611 |

| | | | |
|---|---|---|---|
| Injury/Condition: | | Date / Time Occurred: | 2/19/04 |
| Location: | WR ANNEX | Date / Time Reported: | 2/20/04 |
| EMS Respond: | EMS Unit: | Hospital: | |

Site Name:
Incident #/Location: /
Incident Date/Time: /
Incident Type:
Region:

| Suspect: | | | | Race: | Age: |
|---|---|---|---|---|---|
| Address: | | | | Sex: | DOB: |
| City: | | State: | Zip: | Height: | Hair: |
| Home Phone: | | Work Phone: | | Weight: | |
| Vehicle Info.: | | | | | |

| Witness: | | | | Home Phone: | |
|---|---|---|---|---|---|
| Address: | | | | Work Phone: | |
| City: | | State: | Zip: | | |

| Property Description: | | Serial No.: |
|---|---|---|
| Property Disposition: | | Value: |

**Incident Description:**

On 2/19/04 at 2150 while on duty at the Sitter Lin gate officer Burnett and I were checking I.D.'s and engaged in conversation. When we heard the sound of a weapon being chambered. We looked at each other and turn to booth and the lights were out. We observed Officer Brathwaite holstering his weapon (at least I did) A few minutes later Officer Brathwaite came out from booth his weapon was holstered and like he noticed that the weapon had been cleared and unloaded.

| Police Officer: | Badge No.: | Action Taken by Police: | |
|---|---|---|---|
| Report / Case No.: | | | |

| Reporting Officer: | Supervisor: | Dispatcher: | |
|---|---|---|---|
| Signatures: Security Officer: | | Date: | |
| Supervisor: | | Date: | |
| Approved By: | | Date: | |
| Follow-Up: | | | |