# EXHIBIT H

Get a Document - by Citation - 66 Empl. Prac. Dec. (CCH) P43,590    Page 1 of 9

Case 1:06-cv-01367-GK    Document 9-14    Filed 02/05/2007    Page 2 of 10

Service: **Get by LEXSEE®**
Citation: **1995 U.S. Dist. Lexis 3428**

*1995 U.S. Dist. LEXIS 3428, \*; 66 Empl. Prac. Dec. (CCH) P43,590*

PAUL G. PLUMMER, Plaintiff, v. SAFEWAY, INC., Defendant.

Civil Action No. 93-0316 (PLF)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

1995 U.S. Dist. LEXIS 3428; 66 Empl. Prac. Dec. (CCH) P43,590

March 17, 1995, Decided
March 17, 1995, FILED

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff employee and defendant employer filed cross-motions for summary judgment in an action by the employee for reverse discrimination based upon race or sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq.

**OVERVIEW:** The employee, a white male, filed a discrimination action against the employer. The employee claimed that he was terminated for conduct that similarly situated African-American females had not been terminated for. During the time period that the employee worked for the employer, 10 employees had been terminated. Five were male, and five were female. Eight were African-American, one was Asian, and only one, the employee, was white. The employer claimed that it terminated the employee after he had engaged in altercations with customers in violation of the employer's policy and not because of his race or sex. Both parties filed motions for summary judgment. The court granted summary judgment in favor of the employer. The court found that the employee failed to provide evidence sufficient to establish a prima facie case of discrimination because the employee had articulated a legitimate reason for terminating the employee and because the employee failed to provide evidence that the employer's explanation was a pretext for discrimination. In addition, the court found that the employer's statistics did not demonstrate an inference of reverse discrimination.

**OUTCOME:** The court granted the employer's motion for summary judgment in an action by the employee for reverse discrimination under Title VII of the Civil Rights Act of 1964.

**CORE TERMS:** customer, summary judgment, prima facie case, white male, terminated, pretext, female, male, racial discrimination, termination, matter of law, genuine issue of material fact, discriminate, counseled, entitled to judgment, disparate treatment, similarly situated, provide evidence, female employees, protected class, discriminatory, inclination, deposition, gender, clerk, training, discriminatory intent, statistical evidence, affirmative action, direct evidence

### LexisNexis(R) Headnotes  Hide Headnotes

Civil Procedure > Summary Judgment > Standards > General Overview

Civil Procedure > Summary Judgment > Supporting Materials > Affidavits

Civil Procedure > Summary Judgment > Supporting Materials > Discovery Materials 

**HN1** Under Fed. R. Civ. P. Rule 56(c), summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, if any, show that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Material facts are those that might affect the outcome of the suit under the governing law. The court must view the evidence in a light most favorable to the nonmovant and draw all reasonable inferences in his favor. On the other hand, the nonmoving party is required to provide evidence that would permit a reasonable jury to find in his favor. He may not rely on mere unsupported allegations or denials and must provide affidavits or other competent evidence setting forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). If the evidence provided is "merely colorable" or "not significantly probative," summary judgment may be granted.  More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Summary Judgment > Motions for Summary Judgment > General Overview 

Labor & Employment Law > Discrimination > Disparate Treatment > Proof > Burdens of Proof 

Labor & Employment Law > Discrimination > Racial Discrimination > Employment Practices > Discharges

**HN2** In employment discrimination cases, summary judgment must be viewed with special caution because intentional discrimination and proof of disparate treatment are difficult for a plaintiff to establish. The court therefore must be extra-careful to view all the evidence in the light most favorable to the plaintiff when considering the defendant's summary judgment motion. This rigorous review, however, does not relieve the plaintiff from his obligation to substantiate his claims of discrimination with affidavits or other affirmative, credible, and probative evidence showing that there is a genuine issue of material fact for trial. If the defendant provides evidence that the plaintiff was terminated because of poor performance, the plaintiff must then bring forward evidence of the pretextual nature of the legitimate non-discriminatory purpose posited by the defendant. Evidence of discrimination that is merely colorable, or not significantly probative cannot prevent the issuance of summary judgment.  More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Summary Judgment > Standards > Genuine Disputes 

Labor & Employment Law > Discrimination > Disparate Treatment > Employment Practices > Adverse Employment Actions > Discharges & Failures to Hire

Labor & Employment Law > Discrimination > Disparate Treatment > Proof > Burden Shifting 

**HN3** The United States Supreme Court has set forth a three-step analysis for claims of disparate treatment under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq. First, the plaintiff must establish a prima facie case of discrimination. If a plaintiff establishes a prima facie case, then the burden of production shifts to the defendant to articulate some legitimate, non-discriminatory reason for the employee's discharge. If the defendant meets its burden, the plaintiff must provide evidence showing that the defendant's reason is no more than a pretext for a discriminatory decision. If a motion for summary judgment is sought in a Title VII action, the court must determine at each stage if a genuine issue of material fact exists and, if not, whether the case calls for judgment as a matter of law.  More Like This Headnote

Labor & Employment Law > Discrimination > Actionable Discrimination

**HN4** In an ordinary case alleging a discriminatory discharge, a plaintiff may make out a prima facie case by showing: (1) membership in a protected class; (2) that he has performed at or near the employer's legitimate expectations; (3) that he was terminated; and (4) that he was replaced by a person of equal or lesser ability who is not a member of a protected class or, alternatively, that the position remained open after termination. These elements are flexible and must be adapted to the facts of the case at hand. By making out a prima facie case, a plaintiff demonstrates that he was rejected under circumstances which give rise to an inference of discrimination.  More Like This Headnote

Labor & Employment Law > Discrimination > Racial Discrimination > Coverage & Definitions

Labor & Employment Law > Discrimination > Racial Discrimination > Employment Practices > Discharges

**HN5** In an ordinary discrimination case, an inference of discrimination arises if the plaintiff is a member of a minority class, is performing satisfactorily, and is fired. The courts have held, however, that no such inference should be drawn when the plaintiff is a white male because invidious racial discrimination against whites is relatively uncommon in society, and so there is nothing inherently suspicious in an employer's decision to discharge a white male employee.  More Like This Headnote

Labor & Employment Law > Discrimination > Racial Discrimination > Coverage & Definitions

Labor & Employment Law > Discrimination > Reverse Discrimination

**HN6** As a substitute for showing membership in a protected class, a white male alleging reverse discrimination must show background circumstances that support the suspicion that the defendant is that unusual employer who discriminates against the majority. A white male plaintiff either may provide evidence that a particular employer had a reason or inclination to discriminate invidiously against whites, or he may provide evidence indicating that there is something "fishy" about the facts of the case that raises an inference of reverse discrimination.  More Like This Headnote

Labor & Employment Law > Affirmative Action > Discrimination

Labor & Employment Law > Discrimination > Racial Discrimination > Coverage & Definitions

**HN7** The existence of a race-conscious affirmative action program alone is not evidence of suspicious circumstances sufficient to justify an inference of the discriminatory intent of an employer.  More Like This Headnote

Labor & Employment Law > Affirmative Action > Discrimination

Labor & Employment Law > Discrimination > Racial Discrimination > Coverage & Definitions

Labor & Employment Law > Discrimination > Racial Discrimination > Proof > Circumstantial & Direct Evidence

**HN8** A plaintiff must aggregate credible direct or circumstantial evidence of an employer's discriminatory intent in order to establish an inference of racial discrimination.  More Like This Headnote

Labor & Employment Law > Discrimination > Actionable Discrimination

Get a Document - by Citation - 66 Empl. Prac. Dec. (CCH) P43,590   Page 4 of 9

Case 1:06-cv-01367-GK    Document 9-14    Filed 02/05/2007    Page 5 of 10

Labor & Employment Law > Discrimination > Gender & Sex Discrimination > Proof > General Overview 

Labor & Employment Law > Discrimination > Racial Discrimination > General Overview

HN9 To prove that an employer's proffered reason for termination was a pretext for racial discrimination, the plaintiff must provide more than simply a refutation. He may establish pretext with: (1) direct evidence of race or gender animus, such as statements that the plaintiff is being fired because of his race or gender; (2) comparative evidence that African-American or female employees with similarly poor work performance or employment records were retained while plaintiff was not; or (3) statistical evidence showing that the employer had a pattern or practice of discrimination against persons of plaintiff's race or gender. More Like This Headnote

Civil Rights Law > Civil Rights Acts > Civil Rights Act of 1964 

HN10 A white plaintiff deserves the same protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq., as a minority plaintiff. More Like This Headnote

**COUNSEL:** [*1]

PAUL G. PLUMMER, plaintiff, (PRO SE), Union Bridge, MD.

For SAFEWAY, INC., Ms. Terry Eyler, EEOC Supervisor, defendant: Richard C. Hotvedt, MORGAN, LEWIS & BOCKIUS, Washington, DC.

**JUDGES:** PAUL L. FRIEDMAN, United States District Judge

**OPINION BY:** PAUL L. FRIEDMAN

**OPINION:** MEMORANDUM OPINION

Paul G. Plummer is a white male who worked as a part-time clerk for Safeway, Inc., from March or April 1990 until his discharge in December 1990. Mr. Plummer alleges that Safeway engaged in racial discrimination when it terminated him for conduct for which similarly situated African-American female employees were not terminated. Compl. at 2. He claims that Safeway "customer relations" policies were enforced in a way that resulted in the disparate treatment of white males. Id. Plaintiff alleges that his discharge was racially motivated and seeks relief under Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000 (e) et seq. Safeway maintains that it terminated Mr. Plummer after he had an altercation with two customers on December 21, 1990, because he violated company policy and not because of his race or sex.

Plaintiff and defendant have each moved for summary judgment. The Court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.

I. SUMMARY JUDGMENT STANDARD

HN1 Under Rule 56(c) of the Federal Rules of Civil [*2] Procedure, summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, if any, show that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those "that might affect the outcome of the suit under the governing law." Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). The court must view the evidence in a light most favorable to the nonmovant and draw all reasonable inferences in his favor. Id. at 255; see also Washington Post Co. v. U.S. Dept. of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). On the other hand, the nonmoving party is "required to provide evidence that would permit a reasonable jury to find" in his favor. He may not rely on mere unsupported allegations or denials and must provide affidavits or other competent evidence setting forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); Laningham v. U.S. Navy, [*3] 259 U.S. App. D.C. 115, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the evidence provided is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50.

HN2 In employment discrimination cases, summary judgment must be viewed with special caution because intentional discrimination and proof of disparate treatment are difficult for a plaintiff to establish. Johnson v. Digital Equip. Corp., 836 F. Supp. 14, 18 (D.D.C. 1993). The Court therefore must be "extra-careful to view all the evidence in the light most favorable" to Mr. Plummer when considering Safeway's summary judgment motion. Ross v. Runyon, 859 F. Supp. 15, 21-22 (D.D.C. 1994). This rigorous review, however, does not relieve Mr. Plummer from his obligation to substantiate his claims of discrimination with affidavits or other affirmative, credible and probative evidence showing that there is a genuine issue of material fact for trial. Johnson v. Digital Equip. Corp., 836 F. Supp. at 15. If defendant provides evidence that plaintiff was terminated because of poor performance, as it has here, plaintiff "must then bring forward evidence of [*4] the pretextual nature of the legitimate non-discriminatory purpose posited by defendant . . . . Evidence of discrimination that is 'merely colorable', or 'not significantly probative' cannot prevent the issuance of summary judgment." Johnson v. Digital Equipment Corp., 836 F. Supp. 14, 15 (D.D.C. 1993) (citation omitted).

II. RACIAL DISCRIMINATION

HN3 The Supreme Court has set forth a three-step analysis for claims of disparate treatment under Title VII. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973)). First, the plaintiff must establish a prima facie case of discrimination. Id. If a plaintiff establishes a prima facie case, then the burden of production shifts to the defendant to articulate some legitimate, non-discriminatory reason for the employee's discharge. Id. at 253. If the defendant meets its burden, the plaintiff must provide evidence showing that the defendant's reason is no more than a pretext for a discriminatory decision. Id. If a motion for summary judgment is sought in a Title [*5] VII action, the court must determine at each stage if a genuine issue of material fact exists and, if not, whether the case calls for judgment as a matter of law. Abraham v. Graphic Arts Int'l Union, 212 U.S. App. D.C. 412, 660 F.2d 811, 815 (D.C. Cir. 1981).

In the instant case, Mr. Plummer has failed to provide evidence sufficient to establish a prima facie case of discrimination. In addition, Safeway has articulated a legitimate reason for terminating Mr. Plummer, and he has failed to provide evidence that Safeway's reason was a pretext for the discrimination asserted.

A. Failure To Establish Prima Facie Case

HN4 In an ordinary case alleging a discriminatory discharge, a plaintiff may make out a prima facie case by showing (1) membership in a protected class, (2) that he has performed "at or near the employer's legitimate expectations," (3) that he was terminated, and (4) that he was replaced by a person of equal or lesser ability who is not a member of a protected

Get a Document - by Citation - 66 Empl. Prac. Dec. (CCH) P43,590     Page 6 of 9

Case 1:06-cv-01367-GK    Document 9-14    Filed 02/05/2007    Page 7 of 10

class or, alternatively, that the position remained open after termination. Neuren v. Adduci, Mastriani, Meeks & Schill, 43 F.3d 1507, 1512 (D.C. Cir. 1995); Harding v. Gray, 9 F.3d 150, 152 (D.C. [*6] Cir. 1993). These elements are flexible and must be adapted to the facts of the case at hand. Harding v. Gray, 9 F.3d at 152 (citing McDonnell Douglas Corp. v. Green, 411 U.S. at 802 n.13). By making out a prima facie case, a plaintiff demonstrates that he was rejected "under circumstances which give rise to an inference of discrimination." Id. (quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. at 253).

*HN5* In an ordinary discrimination case, an inference of discrimination arises if the plaintiff is a member of a minority class, is performing satisfactorily and is fired. See McDonnell Douglas Corp. v. Green, 411 U.S. at 802; Harding v. Gray, 9 F.3d at 153. The courts have held, however, that no such inference should be drawn when the plaintiff is a white male because "invidious racial discrimination against whites is relatively uncommon in our society, and so there is nothing inherently suspicious in an employer's decision" to discharge a white male employee. Harding v. Gray, 9 F.3d at 153. *HN6* As a substitute for showing membership in a protected class, a white male alleging "reverse" discrimination must show "background circumstances [that] [*7] support the suspicion that the defendant is that unusual employer who discriminates against the majority." Id. (quoting Parker v. Baltimore & Ohio R.R., 209 U.S. App. D.C. 215, 652 F.2d 1012, 1017 (D.C. Cir. 1981)). A white male plaintiff either may provide evidence that a particular employer had a reason or inclination to discriminate invidiously against whites, or he may provide evidence "indicating that there is something 'fishy' about the facts of the case at hand that raises an inference of [reverse] discrimination." Harding v. Gray, 9 F.3d at 153.

Mr. Plummer has provided no evidence that Safeway had a reason or inclination to discriminate against white males. He admits that no Safeway representative ever made a statement indicating that race or sex were factors considered in Safeway's decision to discharge him. Deposition of Paul G. Plummer ("Plummer Dep.") at 152-53, 170-71. In addition, of the ten employees Safeway terminated during the period January 1989 through December 1990, five were male and five were female, eight were African-American, one was Asian and only one, the plaintiff, was white. D.C. Dep't of Human Rights Determination, Tab 1 to Defendant's [*8] Discovery Materials ("Def. Disc.") at 3. These statistics do not demonstrate either an inclination to discriminate against white males or that there is something "fishy" about the facts that raise an inference of reverse discrimination. Harding v. Gray, 9 F.3d at 153.

Mr. Plummer contends, however, that other facts about the case give rise to an inference of discrimination. First, he argues that Safeway's affirmative action policy constitutes "background circumstances" sufficient to draw an inference of racial discrimination. Compl. at 1. *HN7* The existence of a race-conscious affirmative action program alone, however, is not evidence of suspicious circumstances sufficient to justify an inference of the discriminatory intent of an employer. Bishopp v. District of Columbia, 252 U.S. App. D.C. 156, 788 F.2d 781, 784 n.3 (D.C. Cir. 1986); Dougherty v. Barry, 607 F. Supp. 1271, 1283 n.8 (D.D.C. 1985), vacated on other grounds, 869 F.2d 605 (D.C. Cir. 1989). *HN8* A plaintiff must aggregate credible direct or circumstantial evidence of an employer's discriminatory intent in order to establish an inference of racial discrimination. Bishopp v. District of Columbia, 788 F.2d at 786-87; [*9] Lanphear v. Prokop, 227 U.S. App. D.C. 89, 703 F.2d 1311, 1315 (D.C. Cir. 1983); Dougherty v. Barry, 607 F. Supp. at 1287. Here, plaintiff has provided no other substantiated circumstances that, together with Safeway's affirmative action plan, could be viewed cumulatively to establish an inference of discrimination.

Mr. Plummer next suggests that he has shown an inference of discrimination because Safeway did not discharge an African-American female employee for similar behavior. Mr. Plummer has not offered more than unsubstantiated allegations that his qualifications, employment record and behavior were equivalent to this particular employee, or to any other

African-American female employee, whom Safeway did not discharge. There is no evidence that Safeway treated African-American women in clerk positions more favorably than white males, thus giving rise to an inference of discrimination against white males, or that any African-American female had engaged in conduct comparable to plaintiff's.

Finally, Mr. Plummer has not shown that his "performance [was] at or near the employer's legitimate expectations." Neuren v. Adduci, Mastriani, Meeks & Schill, 43 F.3d at 1512. [*10] Mr. Plummer admitted that he had breached Safeway customer relations policies, that management had given him repeated warnings, and that he had been counseled on a number of occasions prior to December 21, 1990, when he engaged in a verbal dispute with customers. He therefore did not satisfy the normal work requirements of his employment. Plummer Dep. at 25, 34-35, 89.

Because Mr. Plummer has failed to establish any background circumstances that give rise to an inference of discrimination against white males or against plaintiff in particular, or that he met Safeway's express employment expectations, he has failed to make out a prima facie case.

*B. Failure To Establish Pretext*

Even if Mr. Plummer had established a prima facie case of discrimination, Safeway would still be entitled to judgment as a matter of law because it has articulated a legitimate, nondiscriminatory reason for Mr. Plummer's termination and he has failed to show that the reason was pretextual.

HN9 To prove that an employer's proffered reason for termination was a pretext for racial discrimination, the plaintiff must provide more than simply a refutation. Slade v. Billington, 700 F. Supp. 1134, 1147 [*11] (D.D.C. 1988). He may establish pretext with (1) direct evidence of race or gender animus, such as statements that the plaintiff is being fired because of his race or gender; or (2) comparative evidence that African-American or female employees with similarly poor work performance or employment records were retained while plaintiff was not; or (3) "statistical evidence showing that the employer had a pattern or practice of discrimination against persons of plaintiff's race" or gender. Bailey v. MCI Telecommunications Corp., 29 F.E.P. Cases 1457, 1459 (D.D.C. 1982); see McDonnell Douglas Corp. v. Green, 411 U.S. at 804-05. Mr. Plummer has offered no direct evidence of racial or gender bias nor any statistical evidence of a pattern or practice of discrimination. Rather, the heart of his claim involves comparative evidence.

Prior to commencing work at Safeway Mr. Plummer received training on "customer relations," including how to deal with unruly customers. Plummer Dep. at 82-83. He was instructed to refer all problems with customers directly to the management office. Id. at 86-87. The Safeway Employee Handbook, which Mr. Plummer signed in order to acknowledge that he had [*12] studied it, reiterates this policy. Id at 92; Safeway Employee Handbook, Def. Disc., Tab 4, at 14-16. Mr. Plummer concedes that on as many as three occasions Safeway managers counseled him about his problems with customer relations and the importance of adhering to Safeway training and handbook guidelines when confronted with such problems. Plummer Dep. at 25-29, 31. Nonetheless, on December 21, 1990, in disregard of his training, the employee handbook and management warnings, Mr. Plummer returned an insulting comment to two customers and did not contact the management office for assistance. Plummer Dep. at 34-35, 40, 43, 48-50, 93-95, 105-06.

Mr. Plummer does not deny that he breached Safeway's customer policy, but claims that Safeway used this breach of duty as a pretext for implementing its discriminatory policy toward white male employees. Mr. Plummer alleges that Safeway's customer policy is not applied evenly to all races and was selectively used to terminate him because he is a white male. Plaintiff claims that African-American female employees who engaged in similar

Get a Document - by Citation - 66 Empl. Prac. Dec. (CCH) P43,590   Page 8 of 9

Case 1:06-cv-01367-GK    Document 9-14    Filed 02/05/2007    Page 9 of 10

conduct were retained. He attempts to substantiate this allegation by pointing to the conduct of an allegedly [*13] similarly situated African-American female co-worker, Tracy Smith, who was not terminated under circumstances similar to those leading to plaintiff's termination. Plummer Dep. at 131-32, 150.

Mr. Plummer presents no evidence that his conduct and disciplinary history were comparable to Ms. Smith's or to any other African-American female clerk employees. He provides no evidence to show that Ms. Smith's behavior with customers involved calling them names or that Safeway had counseled her about improving her behavior. See Plummer Dep. at 117. Nor has he provided evidence that any other Safeway employee had been involved in a similar incident after having been repeatedly counseled regarding his or her relations with customers or that Safeway failed to discipline such employees. There is simply no evidence in the record that Safeway favored any similarly situated African-American female employee, or anyone else, over white male employees, including Mr. Plummer, or that Safeway failed to discipline or discharge anyone else for conduct nearly identical to plaintiff's. See Neuren v. Adduci, Mastriani, Meeks & Schill, 43 F.3d at 1514-1515.

Mr. Plummer correctly points out that HN10 a white [*14] plaintiff deserves the same protection under Title VII as a minority plaintiff. See McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 278-80, 49 L. Ed. 2d 493, 96 S. Ct. 2574 (1976). But plaintiff has failed to demonstrate that there is a genuine issue of material fact that his termination by Safeway for breaching customer relations policy was a pretext for a discriminatory employment decision. The Court therefore grants defendant's motion for summary judgment, denies plaintiff's motion for summary judgment and enters judgment in favor of defendant. An Order consistent with this Opinion is entered this same day.

SO ORDERED.

PAUL L. FRIEDMAN

United States District Judge

DATE: 3/17/95

JUDGMENT

This case is before the Court on Plaintiff's Motion For Summary Judgment and Defendant's Motion For Summary Judgment. Upon consideration of the motions, the supporting and opposing papers, and the entire record in this case, including the exhibits submitted by the Defendant and the transcript of the deposition of Plaintiff, and for the reasons stated in the Court's accompanying Memorandum Opinion, the Court finds that there are no genuine issues as to any material facts and [*15] that Defendant is entitled to judgment as a matter of law. Accordingly, it is hereby

ORDERED that Defendant's Motion For Summary Judgment is GRANTED; it is

FURTHER ORDERED that Plaintiff's Motion For Summary Judgment is DENIED; and it is

FURTHER ORDERED that judgment is entered in favor of Defendant.

SO ORDERED.

PAUL L. FRIEDMAN

United States District

DATE:

3/17/95

Service: **Get by LEXSEE®**
Citation: **1995 U.S. Dist. Lexis 3428**
View: Full
Date/Time: Wednesday, January 31, 2007 - 8:36 AM EST

* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.