UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENRIQUE BRATHWAITE,<br>4509 13th St., NW<br>Washington, D.C. 20001<br><br>     Plaintiff,<br><br> v.<br><br>VANCE FEDERAL SECURITY<br>SERVICES, INC.<br>10467 White Granite Drive<br>Oakton, VA 22124<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:06-cv-01367-GK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

  Plaintiff Enrique Brathwaite's ("Brathwaite" or "Plaintiff") Memorandum in Opposition ("Pl. Opp.") to Vance's Motion for Summary Judgment does not raise a single disputed fact. Indeed, Vance's Motion should be granted solely because Plaintiff has failed to comply with LCvR7(h), which states that an opposition brief "shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, *which shall include references to the parts of the record relied on to support the statement*." [Emphasis added.]    Plaintiff has not

1

set forth any facts, material or otherwise, demonstrating there are genuine issues to be litigated.

Instead, Plaintiff argues that this Court should not grant summary judgment because he just plain and simply disagrees with the conclusion that Vance reached after it conducted a thorough and impartial investigation into the facts surrounding Plaintiff's assault on a co-worker. However, substituting his judgment for that of Vance is insufficient to overcome Vance's legitimate, non-discriminatory business reason for terminating Brathwaite's employment. This Court should grant Defendant's Motion for Summary Judgment on these grounds.

## II. ARGUMENT

### A. There Are No Disputed Facts and the Case is Ripe for Summary Judgment

This case is ripe for granting summary judgment. There is no dispute regarding the underlying facts; rather, Plaintiff asserts Vance should have come to a different conclusion based on those undisputed facts. This substitution of judgment in the context of a legitimate business decision is not only inappropriate, but not the role of the courts. *Rowe v. James Kidd*, 731 F.Supp. 534 (D.D.C. 1990) ("It is not the business of a court hearing a Title VII case to 'second-guess an employer's personnel decisions absent demonstrably discriminatory motive.'"); *see also, Evers v. Alliant Techsystems, Inc.*, 241 F.3d 948, 957 (8th Cir. 2001) (it is not the role of the courts to sit as super personnel departments to second guess the wisdom of an employer's personnel decision).

In response to the Separate Statement of Undisputed Material Facts submitted by Vance, Plaintiff filed a document entitled "Plaintiff's Response to Defendant's Statement of Undisputed Material Facts." Although this document purports to "dispute" Vance's facts, it does not contain a single citation to evidence or explain in any way, shape or form why Plaintiff believes certain

facts are disputed. If the Court were to substitute the phrase, "Plaintiff wishes this fact weren't true" for the word "disputed", this document would be more accurate. Wishing does not make it so, however, and Plaintiff's Response only serves to highlight the complete lack of evidence that his race had anything at all to do with Vance's decision.

**B.    Plaintiff Cannot Establish A *Prima Facie* Case of Discrimination**

In his opposition, Plaintiff concedes the applicability of the shifting burdens test. Pl. Opp., p. 8. Subsequently, while discussing the required elements for a *prima facie* case proffered by Defendant, Plaintiff suggests "flexibility" is necessary while offering no alternative as to what the appropriate standard should be. Pl. Opp., p. 8-9. In essence, the Plaintiff asks this court to find a *prima facie* case of discrimination based upon Plaintiff's membership in a protected class and the fact that he was discharged. There is no case which sets forth such a low bar for taking a case past summary judgment.

**1.    Plaintiff Cannot Meet the Fourth Element of the *Prima Facie* Test**

The fourth element of the *prima facie* test requires Plaintiff to show that that he was replaced by a person outside the protected class or that similarly situated individuals outside the protected class were retained. *See, Park v. Washington Metro. Area Transit Auth.,* 892 F. Supp. 5, 10 (D.D.C. 1995), *aff'd*, 107 F.3d 924 (D.C. Cir. 1996). Plaintiff claims, correctly, that even though he was replaced by an African-American, that he can still make a *prima facie* case by showing that he was treated differently than similarly situated individuals outside his protected class. He cannot make such a showing, however, and therefore summary judgment is appropriate.

Plaintiff's argument that he has met his *prima facie* case is really the crux of this whole

matter. He contends that he and Shawn Verdine, the employee who he assaulted, are similarly situated simply because Verdine pushed Brathwaite after first being attacked by Brathwaite. This is purely a matter of Plaintiff's opinion. It is not evidence and it does not raise a genuine issue of disputed fact. On the contrary, it overlooks the testimony of Tim McManus, who testified that he did not consider Verdine to be similarly situated because he was not the aggressor in this situation. McManus was empowered to make that determination and Plaintiff's wish that McManus had concluded otherwise is immaterial.

This Court has found many times that a plaintiff could not establish a *prima facie* case of discrimination because his rule violations meant he did not meet his employer's expectations. *See Mianegaz v. Hyatt Corp.*, 319 F. Supp. 2d 13, 21 (D.D.C. 2004) (simply saying the allegations are untrue does not defeat summary judgment); *Plummer v. Safeway, Inc.*, 1995 U.S. Dist. Lexis 3428 *10, No. 93-0316 (PLF) (D.D.C. March 17, 1995) (plaintiff who breached employer policies could not establish *prima facie* case), *Rowe v. James Kidd*, 731 F.Supp. 534 (D.D.C. 1990). The fact that Brathwaite's account of the fight is different or that he disagrees with Vance's judgment is not the relevant inquiry. The undisputed evidence is that McManus was presented with a recommendation based on a thorough investigation by disinterested managers. There is no evidence to suggest that Tom Sittner, the investigating manager, arrived at his conclusion based on Plaintiff's race, nor is there any evidence to suggest that McManus even knew that Plaintiff was African-American. Under those circumstances, the fact that Plaintiff tells a different story is not enough to establish that he makes a *prima facie* case.

Vance asks the Court to grant it summary judgment on Plaintiff's first and second causes of action (Title VII and Section 1981) because Plaintiff cannot establish a *prima facie* case of

discrimination.

### C. Vance had a Legitimate, Non-Discriminatory Business Reason for Discharging Plaintiff

Vance easily satisfies the second step of the standard burden shifting test in discrimination actions; there is no question Vance had a legitimate business reason for terminating Brathwaite due to his violation of Vance's rule against physical assaults. Plaintiff offers no evidence in contravention of Defendant's articulated, legitimate, non-discriminatory reason for its decision. Accordingly, Vance has satisfied its burden and Plaintiff therefore must concede that any presumption created by the *prima facie* case "simply drops out of the picture." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993).

### D. There Is No Evidence Of Pretext

Brathwaite argues Vance's termination decision was pretextual because Vance's reason is not worthy of credence. He comes to this unsubstantiated opinion because he claims that Verdine should have been fired as well.

Plaintiff does not and cannot rebut the undisputed facts that Sittner based his recommendation, and McManus based his decision, on two eyewitnesses who said that Brathwaite instigated the assault. Given those accounts, and Plaintiff's own inconsistent statements, which he also cannot dispute, Plaintiff cannot show that basing the termination decision on Sittner's thorough investigation was a "phony reason" or unworthy of credence. *See Hitt v. Harsco Corp.*, 356 F.3d 920 (8th Cir. 2004) (court found no reason to disbelieve the bona fide nature of the employer's discharge decision and granted summary judgment after eyewitness reports stated that the plaintiff fully participated in a fight with a co-worker, even though it later turned out that those reports were wrong); *Forrester v. Rauland-Borg Corp.*, 453 F.3d 416 (7th

Cir. 2006) (plaintiff questioned employer's investigation, but the court found the issue is not whether the employer was correct "but whether it is the true ground of the employer's action rather than being a pretext for a decision based on some other, undisclosed ground.").

In this case, there is no question that the fight and Vance's conclusions with regard to the identity of the guilty party are the real reasons Plaintiff was discharged. There is also no evidence (direct or otherwise) that the termination decision was motivated by discrimination, as exemplified by McManus, the corporate official who approved Brathwaite's termination, not even knowing Brathwaite's race. Plaintiff has no evidence to the contrary. Therefore, summary judgment should be granted.

### 1. Vance's Treatment of Other Employees Proves There Was No Pretext

Plaintiff does not offer any evidence that Vance failed to discharge any employee with conduct identical to his own. On the contrary, the undisputed facts show Vance terminated two other employees for violating the rule against assaults. Moreover, one of the other two employees was Caucasian. Plaintiff asks that this incident be disregarded because Sittner and McManus were not involved in the investigation or termination decision. Pl. Opp., p. 12. Plaintiff's suggestion is as inappropriate as it is illustrative of the equality of treatment exercised by Vance—it is the *company's* policy and judgment at issue. In both situations, after thoroughly investigating the fights, Vance terminated all employees found to be at fault, without regard to race.

When it suits his purpose, Plaintiff argues that this Court should disregard the undisputed evidence that Vance fired a Caucasian employee for violating the same rule for which Brathwaite was discharged. Plaintiff's theme is to ask this Court to consider Verdine only when convenient

for him. He argues that the Court should disregard evidence that Verdine and an African-American co-worker were both found at fault for fighting and terminated by Vance, but he also argues that the Court should consider the fact that Verdine was not fired for pushing him as evidence of discrimination. He cannot eat his cake and have it, too.

These facts show that Plaintiff cannot establish pretext and that no reasonable factfinder could conclude that Vance discriminated against Brathwaite. Accordingly, Vance requests summary judgment on Plaintiff's Title VII and Section 1981 on this basis as well.

E. **Plaintiff's Title VII Claim is Barred by the Statute of Limitations**

Plaintiff was discharged on March 24, 2004. His signed and date-stamped EEOC charge is dated April 28, 2005, almost 400 days later. Pl. Dep., Ex. 8. Plaintiff now offers a hand-dated document purportedly to show that he filed his claim by September 11, 2004, just under the 180 day time limit. Pl. Opp., Ex. 10. What he does not document or account for is the 159 day discrepancy between this handwritten date and the only date-stamped document he now offers—a forwarding letter from the Baltimore EEOC dated February 17, 2005, 330 days after his termination. In short, Plaintiff's evidence is without foundation and does not prove that he filed his claim within the statutorily required period. Therefore, his Title VII claim is time-barred.

F. **Plaintiff Cannot State a Cause of Action for Termination in Violation of Public Policy**

Plaintiff fails to meet the elements required to establish a cause of action for termination in violation of public policy under his own proffered standard. In the Opposition, Plaintiff argues that to state a claim he must show that he reported a matter of public concern and that his conduct was the *sole* reason for his termination. Plaintiff fails on both counts.

for him. He argues that the Court should disregard evidence that Verdine and an African-American co-worker were both found at fault for fighting and terminated by Vance, but he also argues that the Court should consider the fact that Verdine was not fired for pushing him as evidence of discrimination. He cannot eat his cake and have it, too.

These facts show that Plaintiff cannot establish pretext and that no reasonable factfinder could conclude that Vance discriminated against Brathwaite. Accordingly, Vance requests summary judgment on Plaintiff's Title VII and Section 1981 on this basis as well.

E. **Plaintiff's Title VII Claim is Barred by the Statute of Limitations**

Plaintiff was discharged on March 24, 2004. His signed and date-stamped EEOC charge is dated April 28, 2005, almost 400 days later. Pl. Dep., Ex. 8. Plaintiff now offers a hand-dated document purportedly to show that he filed his claim by September 11, 2004, just under the 180 day time limit. Pl. Opp., Ex. 10. What he does not document or account for is the 159 day discrepancy between this handwritten date and the only date-stamped document he now offers—a forwarding letter from the Baltimore EEOC dated February 17, 2005, 330 days after his termination. In short, Plaintiff's evidence is without foundation and does not prove that he filed his claim within the statutorily required period. Therefore, his Title VII claim is time-barred.

F. **Plaintiff Cannot State a Cause of Action for Termination in Violation of Public Policy**

Plaintiff fails to meet the elements required to establish a cause of action for termination in violation of public policy under his own proffered standard. In the Opposition, Plaintiff argues that to state a claim he must show that he reported a matter of public concern and that his conduct was the *sole* reason for his termination. Plaintiff fails on both counts.

Plaintiff does not identify any public policy, whether in the form of statute, code, regulation or judicial holding, which says that an employer may not fire an employee for alleging assault against a co-worker. Plaintiff cites to the case of *Washington v. Guest Services, Inc.*, 718 A.2d 1071 (D.C. 1998) for the proposition that a public policy claim will lie if an employee is terminated for reporting a co-worker's illegal conduct. The case is inapposite because it concerns a clearly delineated public policy against serving contaminated food. There is no such public policy at stake here. Plaintiff fails to point to any District of Columbia case finding that "filing assault and battery charges against a co-worker" is a protected activity. Therefore, Plaintiff cannot meet the first element of the test he would have this Court apply.

Second, he puts forth no evidence of his own, and does not dispute any of Vance's evidence, to support his argument that the sole reason he was discharged was for reporting an alleged assault by Verdine. Plaintiff's argument ignores the thorough investigation which proved he was the aggressor in the incident involving Verdine. Plaintiff also ignores McManus' unrebutted testimony that he based his decision on Sittner's report that Plaintiff had violated company policy, not because Brathwaite had reported a fight to the military police.

Plaintiff cannot state a public policy exception cause of action even under his alternate test and his claim should be dismissed accordingly.

## IV. CONCLUSION

For the foregoing reasons, Vance asks the Court to grant its motion for summary judgment, enter judgment in Vance's favor on all counts, and dismiss this case with prejudice.

Respectfully submitted,

**JACKSON LEWIS LLP**

March 9, 2007

By: /s/
Tyler A. Brown (D.C. Bar No. 480693)
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189
(703) 821-2267 (fax)

**Attorneys for Defendant Vance Federal Security Services, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of March 2007, a copy of the foregoing ***Reply Memorandum In Support of Defendant's Motion for Summary Judgment*** was delivered via First Class Mail to:

>Susan L. Kruger, Esq.
>Alan Lescht & Associates, PC
>1050 17th Street, NW
>Suite 220
>Washington, DC  20036
>(202) 862-4330

    /s/
Tyler A. Brown